# MÉATH v. PHILLIPS COUNTY.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Decided May 7th, 1883.

*Limitations.*

The facts in this case showed no claim in the plaintiff against the county defendant. The claim, if any, was against the district in the county benefited by the levees which he claims to have constructed.

It being conceded that an action at law for the enforcement of the claims set up in this suit was barred when this suit was brought, no equitable reason was found why the limitation of the statute should not be applied in equity.

*Mr. S. P. Walker* for appellant.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The first question presented by this appeal is, whether the drafts drawn by levee inspectors on the levee treasurer of the county of Phillips, under the authority of the act of February 16th, 1859, "to provide for making and repairing levees in Desha and Phillips counties," and the renewal bonds or scrip issued by the county clerk of the county under the provisions of the act of January 15th, 1861, to amend the act of February 16th, 1859, constitute an indebtedness of the county for which bonds of the county may be demanded under the act of April 29th, 1873, "to authorize certain counties to fund their outstanding indebtedness," or a money judgment or decree recovered against the county. To this question we have no hesitation in giving an answer in the negative. The act of 1859 provided for the division of the overflowed lands of the counties of Desha and Phillips into levee districts for the purpose of reclaiming the lands, and for the taxation of such lands to pay the expenses incurred in that behalf. The business was to be managed by levee inspectors, at first appointed by the county court of the county, but afterwards elected by the voters of the several levee districts, and payments for work done or expenses incurred, were to be made by the drafts of the levee inspectors for the district on the levee treasurer appointed by the county court of the county to receive and disburse according to law all funds raised from levee taxes in the county. Only lands benefited by protection from overflow by the levees could be taxed. These lands were to be selected by a board of three freeholders appointed by the county court of the county for each levee district, and valued for taxation by the levee inspector. The county court was then to levy a tax upon the property charged, to be collected like other taxes, and this tax, when collected, was to be paid over to the levee treasurer to be by him disbursed on the drafts of the inspectors. The funds collected from each district were to be appropriated to the payment of the drafts of its own inspector. The bonds, scrip, or drafts issued by the county clerk under the act of 1861 were to be renewals of the inspector's drafts, and created no new obligation. Any debt incurred in the levee work was clearly the

debt of the levee district, to be discharged through a tax levied by the county court for that special purpose. In this the county court acted not as the representative of the county, but of the district. In effect the county court and the sheriff of the county were made the officers and agents of the levee district for the levy and collection of the special tax which was required. This tax was not a county tax, but a district tax, levied and assessed under the authority of law by the county court. In levying the tax the court acted for the district, not the county.

The cases of *County of Cass* v. *Johnson*, 95 U. S. 360, and *Davenport* v. *Dodge County*, 105 U. S. 237, presented entirely different facts. In the case of the county of Cass, the law provided in terms for an issue of bonds in the name of the county, and in that of the county of Davenport we construed the law to be in effect the same. Consequently there were in those cases obligations of the counties payable out of special funds. Here, however, there was a manifest intention to bind the levee districts only by the obligations incurred, and not to make the county, in its political capacity, responsible for the payment of the debts that were created for levee purposes under these laws. The machinery of the county was to be used in the levy and collection of the special taxes required, but the county, as a county, was to be in no way involved. It follows that the prayer for a money decree against the county, as well as that for an exchange of the bonds authorized by the act of 1873 for the orders or warrants held by the appellant, must be denied.

The next and only remaining question is, whether the county court of the county can be required, in this suit, to levy and impose taxes on the levee districts to pay the demands. All the demands fell due on or before April 1st, 1862. This suit was not brought until December 17th, 1877. It was in effect conceded by the counsel for the appellant, that an action at law for the enforcement of the claims would have been barred in ten years from their maturity, adding only the time between December 1st, 1862, and March 16th, 1864, when the operation of the statute of limitations was suspended. This proceeding is in equity, but no sufficient reason

is shown why the limitation of the statute should not be applied. Without, therefore, considering any other objection to the bill and the relief that is asked, we hold that the suit, so far as it seeks to have the tax imposed by the county court, is barred by lapse of time.

*The decree of the circuit court is affirmed.*